User manual in English 17-1891 Lippert components against Mooride Mooride, yes. Mr. Fountain. Good morning, Your Honors. According to the trial court, one of the principal tenets of appellate practice before this court is now over. It ends in this case. Specifically, what this court has preferred to do is decide cases based upon the arguments made by the trial court below. But now, with the trial court's order of docket exhibit 145, the trial court gets to decide what's in that record, what can be allowed in the record, what can't. And according to the last sentence... Can I start you on the question of our court's jurisdiction? Yes. You invoke as the necessary basis for our court to have jurisdiction 1292 provision on injunctions. Yes. So you have to establish for us to have jurisdiction that an injunction was entered against you. Am I right in thinking that the only basis for your contention that there was an injunction against you is the order that you need court permission before you can file new papers? That's one of the basis. That's the basis I raised in the initial brief, yes. And that injunction came because of the motion by Moride, docket number 117. But first, I mean, before we talk about whether that is sufficient to constitute an injunction, you said that was only one basis. So what additional act of the district court constitutes an injunction against you? Jurisdiction can be based on an injunction, and that's 1292C. Jurisdiction in this court can also be based on other grounds. We do have the exceptions to 1295 from Precision Scientific where you have a... Well, just before we get into other areas, again, other than the order regarding filings, is there anything else that satisfies the requirement in your view of an injunction, then sticking just to the injunction basis for jurisdiction? The injunction against me was in two parts. First and most obvious, I can't file things without permission. All right. Second part, my past filings were stricken. I can't use those. They're gone. So my basis for appeal later on on any of the issues that come back, particularly like the $12,000 fine, it's out of the record. I have to come in the last sentence of Rule 46 to make that happen. I have to bring new arguments to you. And with regard to even the injunction against adding new filings without court permission, we see where that has brought about a substantive problem in this case already. The last page of the court's order on docket entry 145, the footnotes, says, there are ongoing proceedings against Fountain with regard to the amount of money he owes as a result of the order of docket entry 90. And what happened there? I had objections I wanted to make, and that was docket entry 160. Those objections were not allowed in the record. That's the order of Rules 161. So I can't bring to you, except as new argument, why I think that $16,000 award was incorrect. And that's contrary to the usual rules of this and that injunction has had substantive effect. If we don't deal with it now, we'll never be able to reverse the immediate procedural detriments of that order. And that will have not just monetary consequences, but consequences to this court as well, as to how we handle the next appeal. Beyond that, the district's court's order would reverse one of the principal teachings we have from the S.V.C. Hygienic. Those cases taught us that patent law lawsuits have to be mainstreamed into the usual procedural and substantive, occasionally, rules that we have for every other court. But the trial court in this case has said, no, the basic evidentiary rules don't apply here, despite what this court said in K.S. Hemp. Rule 15 doesn't apply here. And the changes that were made to Rule 1 in December of 15, during the middle of this case, don't apply either. Specifically with regard to the evidentiary rules, what constituted bad faith in the court that brought this, and that's where the reprimand comes in, going back to precision scientific, the bad faith was saying, you know what, Judge, I don't have to make any contentions in claims construction because the other side is a critical element of their case, even for claims construction. They have no evidence of what the level of ordinary skill in the art is. Therefore, my plan, Judge, in the claim construction hearing, is to stand up and say, no evidence, no ruling. We cannot go further. We have now taken the claims construction process into what used to be the function of summary judgment, which is, of course, as we know, largely neutered these days. And we're using the claims construction... I'm sorry to interrupt. Can I take you back to something that I think I heard you say, but maybe I didn't. I thought you said something about how you're inhibited from filing documents necessary for your appeal. Yes. So did the district court not, at least maybe subsequently to the particular order that you're challenging here, enter an order saying that the prior order does not require you to seek leave prior to filing any documents necessary to seek appellate relief? That's what it said, but it didn't do that. Because in that same order, and by the way, that order came after the district court lost the authority to address that issue again. As soon as this appeal was filed, the court can't go back except under Rule 60, which it didn't do, and change its order to take jurisdiction away from this court. The original order said you can't file any documents anymore, including an appeal. Sorry, without... It said without permission, and so a subsequent order says, I hereby grant you blanket permission for this category. Six months after the order came down, five months after my request for permission, and five months after any opportunity for appeal existed, because if I can't do it within 30 days, this court has no jurisdiction over my channel. So it effectively threw me out of court by sitting on the case six months. So the second issue comes up with the next appeal, because the court acknowledged in the last page of its order, we still have ongoing proceedings against fouling. Money judgment, I can't bring that in except under Rule 46 to We still have other issues coming in now. Last Thursday, they filed a joint motion, Mulright and Lippert, said we want a retroactive order that includes a prosecution bar. Wait a minute, I represent one of their other competitors for patent prosecution. I now have to come back into court and say, wait a minute, a retroactive prosecution bar? I'm in this case, substantively, whether I have to go back and add additional costs, seek permission to file a brief that should be as a matter of course, to preserve evidence. I'm not always going to be granted it. It's not a matter of just asking you to be given permission, because I wasn't. Or I was given permission five months after the deadline for establishing jurisdiction, it's gone. That is effectively throwing me out of court. And that's where the injunction really has substance or now. Throwing you out of court with respect to this case or throwing you out of court with respect to the the sanctions matter against you? That particular instance threw me out of court with regard to this case. Right, but you're not you're not a party in this case and you're not counsel in this case at this point, right? Both the magistrate judge and the trial judge acknowledged for purposes of the sanctions I am, as they put it, an aggrieved party. For the you personally? Yes. Yeah, but that's a different matter. I mean that's a matter which I gather at some point we will see a separate appeal on, right? That is one. You filed an appeal then withdrew it, as I understand it, but in contemplation I would assume that you will ultimately take an appeal in that matter. Right. I am also an aggrieved party with regard to the striking of the rector. All right, but that's the injunction issue. That's the injunction issue and that imposes a public. I won in order 116. My briefing to win is gone from the record. The public has a right to see that. I have personally been accused of what amounts to professional malpractice in briefing 107. My defense against that is gone from the public record. I can't defend against that. These are part of the context that this court has to face in this case. The context is obviously broader than just me. If you look at the federal court management statistics, you'll see the systemic dismantlement of civil litigation in that particular district court during the time period of this lawsuit from 2014 to 2017. The average time to trial has gone from 25 months to 51 months. While the number of filings has dropped by a third, the number of cases anecdotal evidence of what's been going on. Now we can't affect that directly, but we can come back in this case. And what I want from this court here is three sentences. First, this court has jurisdiction to hear this appeal at least under 1292 C. Second, in the order of docket entry 145, the findings of fact and conclusions of law with regard to the actions taken by Mr. Fountain were clearly erroneous and contrary to applicable law. Therefore, the findings of fact by Mr. Fountain are reversed and the order restricting his future filings and striking his past filings are vacated. Obviously, it'd be nice to have a more detailed order explaining all the things that was done, but let's change the damage that's been done. But I believe those three sentences will cut off future damage to a large degree. You've used some of your rebuttal time, why don't you save the remainder and come back in some minutes. Mr. Salthill. Good morning, your honors. May it please the court. Simply put, we don't believe that the order from which Mr. Fountain is appealing that this court has jurisdiction at this time and we ask that the court dismiss it. To go directly to the Mr. Fountain as to whether there's an injunction at issue, we do not believe that the court's order was an injunction. When you think of an injunction, you think of something normally that's an order prohibiting you from doing something that you're ordinarily entitled to do. In district court cases, you are not ordinarily as a non-party entitled to file documents. And so thinking of it in that terms, this is not an injunction. But if we look at the case law that was cited by Mr. Fountain and we go over what they've defined what an injunction is, an injunction has to relate to an integral part of the very matter being litigated. It was what the NorCal case said. The W. Holdings case said that an injunction has to be aimed at a party, enforceable by contempt, and provide some of the relief asked for by another party. And then the third case I think Mr. Fountain cited was the Alabama case which says that the order must give some or all of the relief sought in the complaint. And we see a trend here that an injunction is relief asked by one party against another party that relates to the complaint, relates to the matters being litigated. Mr. Fountain is not a party in this case anymore. He hasn't sought to intervene. And the relief is not, this is not something that either of the parties have asked and it doesn't relate to the matters being litigated. And therefore that this order is not an injunction. This is just an order of the district court managing its docket, which it's entitled to do. And it normally requires partying lots of instances and we gave a few examples in the briefing where it's quite common that a judge will say, you know what, you need leave before you file something or you need leave to do something. And this is very typical and it's well within the court's discretion to do that and it's not an injunction. With respect to the motion to strike, I think we cited two cases in our brief. I'm not sure that your original statement about what constitutes an injunction. It seems to me that might not be quite right. There, you said, I think that an injunction, an order is not an injunction if it merely prohibits you from doing something you are, that you would normally be entitled to do. I mean things like restraining orders are definitely injunctions even though they may be saying you are to keep away from the following address, which other people are free to go to do. So you can't really mean it's quite that broad. That was a more simplistic way of discussing injunction and that's why I went back to specifics of what the courts and W Holdings in Alabama said. It's really if one party is requesting against another party that relates to the merits of the litigation. I think that's what courts have used as a definition of the injunction. I think that applies here. But it can't be limited to what's requested by the party. If a court, sua sponte, orders you to do something outside the courtroom or not to do something outside the courtroom, the fact that the other party didn't ask for it can't well change its character as an injunction. I would think that the narrowest point you have to make is that the subject of this directive is entirely about the conduct of the namely don't file without leave. I think that's right. I think to go back to the earlier point, the court wouldn't be doing something related to the matter sua sponte unless it remain related to the matter of the litigation. And there's differences I think between the merits of the case and just managing its own With respect to the order to strike, that's a discovery order and I think the case law is very clear. Discovery orders are not appealable. They're not final decisions. They don't qualify for any of the exceptions. So I think anything that discovery or an order relating to a discovery. Wait, there are documents that are in the public record and that court says take them out of the public record. How do you connect that to the word discovery? Some of the documents that were being sought were orders relating to discovery. And so some of the filings that were being filed were a request for non-appealable subject to final order. There was also citations in the briefing to cases that dealt directly with motions to strike and specifically that motions to strike were not final orders and not appealable until a final order was issued. So to the extent that the motion to strike covered something more than documents related to discovery. They're still not an injunction in your view because they're very much about the conduct and progress of the litigation. I think that's a phrase from Gulfstream. Yeah and it's about the court controlling and managing its own docket. This is not, it doesn't relate to injunctions. Lastly, I do want to address the findings of bad faith and the fact that Mr. Fountain is aggrieved about. I think that the Nissus case that was cited by Mr. Fountain deals with this issue. That was a case where the attorney was accused of intent to deceive, having committed inequitable conduct, but he was a non-party in the case. So the court ruled he didn't have standing and he couldn't appeal the finding of inequitable conduct. The criticisms by the court of or acting in bad faith, those aren't appealable. Those don't give non-party standing to appeal those orders. It's got to be something, a formal sanction that was levied against Mr. Fountain. In this case, there was no formal sanction levied against him. The district court made very clear the only sanction being issued was against Moride, not against Mr. Fountain. I think that relieves Mr. Fountain of this court of jurisdiction to hear his appeal on those issues. I believe, unless there's other questions, I will turn it over to my opposing counsel. Thank you. Mr. Frommel? Correct, Your Honor. Thank you, Your Honors. It's very rare that I'm in court and agree with my opposing counsel, but I have very little to add other than to a point that was raised by Your Honors, the impact of this so-called injunction. We've had docket entries 146, 147, 157, 160, 162, and 175 that have been since been filed by Mr. Fountain since this alleged injunction came into play. He raised the issue of the protective order which just came up and he's been provided with leave to address that issue. So I agree with my opposing counsel that this really is not an issue of an injunction, but really more of an issue of the court just maintaining its docket. And what I would suggest, Your Honors, is that this appeal itself to me seems to be an example of sort of serial litigation. We've dealt with Appeal 16-2151, which this court dismissed for lack of jurisdiction. Mr. Fountain raised Appeal 17-2466 previously and then withdrew it. But as part of that appeal, not only did he order, he also appealed and included within that this particular order. So to me it seems like this is an issue where we can address all of these issues when Mr. Fountain, when the case below is resolved, we can address all these issues together rather than deal with them piecemeal. No, thank you. I'd like to address three comments that were made a moment ago. Judge Schvarno, you said, isn't this just about conduct in the trial court? It's not. It's about addressing your docket on the issues you can hear because they're preventing certain issues from being raised down there for you to consider. It's also addressing your docket in the sense that I can't bring the next appeal to you without getting permission from a trial judge who has a track record of sitting on things for six months, which means my next approach to you is going to be mandamus action. That seems kind of silly. Mandamus action should be an emergency that we have no other recourse for. It's a fast-track burden on everybody. So yeah, it's not just about what's happening in the trial court. It's about what's going to happen here because I can't come here. Second, the question was made about prohibiting what I'm entitled to do versus not entitled to do. The magistrate judge said I had standing to address certain issues, so therefore I should be entitled to file documents as an aggrieved party on those issues. The relief that was asked for on those issues was in a motion, docket entry 107, by the other side. They were asking for relief. They were asking for injunctive relief. They didn't get exactly the injunction they asked for. They got something else, but it was still relief that they were seeking to obtain from someone who was considered an aggrieved party for a specific purpose, and they got that. They got an injunction as a result of that. Your Honors, are there any other questions I could help you with? No, I thank you for your argument. Thank you for your consideration. All counsel and the cases submitted, the court will stand in recess. All rise. The Honorable Court is adjourned until Monday morning, 6 o'clock a.m.